1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ADAM LEE BURKE,

11            Plaintiff,              No. 2:11-cv-02502 GEB KJN PS

12       v.

13   DAVID WILSON; DAVID A.
     LAWSON LAW OFFICE,
14
              Defendants.            ORDER
15   _____/

16            Plaintiff is proceeding without counsel and is currently incarcerated at the Shasta

17   County Jail.[1]  Presently before the court is plaintiff's application to proceed in forma pauperis,

18   which was filed on a California Judicial Council form (Dkt. No. 2).  For the reasons stated

19   below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses

20   his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Such dismissal is without prejudice, and

21   plaintiff is granted leave to file an amended complaint.

22   I.      Plaintiff's Application to Proceed In Forma Pauperis

23            Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

24   § 1915.  Plaintiff's application and "Resident Account Summary" from the Shasta County Jail

25   _____

26        [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   make the showing required by 28 U.S.C. §§ 1915(a)(1)-(2).  Accordingly, the undersigned grants

2   plaintiff's request to proceed in forma pauperis.

3              Ordinarily, the undersigned would at this point order plaintiff to pay the full

4   amount of the $350 filing fee in accordance with 28 U.S.C. § 1915(b).  However, because the

5   undersigned is very skeptical that plaintiff will be able to successfully amend his complaint to

6   state a plausible federal claim pursuant to 42 U.S.C. § 1983, the undersigned refrains from

7   ordering payment of the filing fee at this time.  Instead, the undersigned will order such payment

8   if plaintiff files an amended complaint.

9   II.    Screening of Plaintiff's Complaint

10             The determination that a plaintiff may proceed in forma pauperis does not

11  complete the required inquiry.  The court is also required to screen complaints brought by parties

12  proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

13  1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

14  dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the

15  allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a

16  claim on which relief may be granted, or the action seeks monetary relief against an immune

17  defendant.

18             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Franklin v. Murphy, 745 F.2d 1221,

20  1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is

21  based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.

22  Neitzke, 490 U.S. at 327.

23             In assessing whether a plaintiff's complaint fails to state a claim on which relief

24  may be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading

25  standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a

26  "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ.

2

1  P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130

2  S. Ct. 1053 (2010).  A complaint should be dismissed for failure to state a claim if, taking all

3  well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

4  relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

5  Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial

6  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

7  inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

8  Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The

9  court accepts all of the facts alleged in the complaint as true and construes them in the light most

10  favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

11  "not, however, required to accept as true conclusory allegations that are contradicted by

12  documents referred to in the complaint, and [the court does] not necessarily assume the truth of

13  legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559

14  F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

15  liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in

16  the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that

17  the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

18        A.    Plaintiff's Complaint

19        Plaintiff has sued his former criminal defense attorney on the basis of alleged

20  "legal malpractice and civil rights violations" committed in connection with a criminal

21  proceeding between June 2010 and November 2010, which allegedly "cost [plaintiff] further time

22  spent in incarceration, which in turn has resulted in monetary and emotional damages to

23  [plaintiff] and [plaintiff's] family."  (Compl. at 5.)  Plaintiff alleges that defendant David Wilson

24  agreed to represent plaintiff in a criminal proceeding, that plaintiff provided Mr. Wilson with

25  exculpatory evidence in advance of a preliminary hearing, and that Mr. Wilson agreed to review

26  that evidence in advance of the hearing.  (Id.)  Plaintiff alleges that although he paid Mr. Wilson

3

1   money, Mr. Wilson "failed to confer with [plaintiff] regarding the preparation of [his] defense."

2   (Id.)  Plaintiff further alleges that, contrary to Mr. Wilson's obligations to plaintiff as his

3   attorney, "Mr. Wilson waived all of [plaintiff's] pre-trial hearings" and informed plaintiff "right

4   before trial that he had dropped [plaintiff] from his case load" on the apparently mistaken belief

5   that plaintiff was unable to pay Mr. Wilson.  (Id. at 5-6.)  Plaintiff alleges that Mr. Wilson failed

6   to review any evidence or hire an investigator, and "instead used a police officer to interview just

7   one witness, therefore assigning a hostile party to interest in [plaintiff's] defense."  (Id. at 6.)

8   Plaintiff contends that although Mr. Wilson "could have had all charges against [plaintiff]

9   dropped at a preliminary hearing,"  Mr. Wilson instead waived that hearing to plaintiff's

10  detriment and thus violated plaintiff's constitutional rights.  (Id.)  Although the complaint is not

11  clear with respect to the relief sought, it appears that plaintiff is seeking monetary damages.[2]

12          Although plaintiff's Civil Case Cover Sheet states that plaintiff is seeking relief

13  based on a single claim of professional negligence, plaintiff's complaint reveals two potential

14  claims: (1) a claim for a violation of plaintiff's constitutional rights pursuant to 42 U.S.C.

15  § 1983; and (2) a professional negligence, i.e., legal malpractice, claim under California law.

16  The undersigned dismisses plaintiff's Section 1983 claim for failure to state a claim on which

17  relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii), and declines to exercise supplemental

18  jurisdiction over plaintiff's professional negligence claim, 28 U.S.C. § 1367(c).

19      B.    Plaintiff's Section 1983 Claim

20          Plaintiff clearly alleges violations of his constitutional rights as a result of Mr.

21  Wilson's alleged professional negligence, which implicates 42 U.S.C. § 1983.  In relevant part,

22  42 U.S.C. § 1983 provides:

23              Every person who, under color of any statute, ordinance, regulation,
                custom, or usage, of any State . . . , subjects, or causes to be subjected, any
24

25          [2] To the extent that plaintiff believes that he is entitled to release or a new trial on the basis
        of constitutionally ineffective assistance of counsel, he must seek such relief through a petition for
26      a writ of habeas corpus.  See 28 U.S.C. § 2254; Harrington v. Richter, 131 S. Ct. 770 (2011).

4

> citizen of the United States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress . . . .

Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

Plaintiff has not alleged facts that, taken as true, satisfy either element of a claim brought pursuant to 42 U.S.C. § 1983.  First, although plaintiff has generally alleged that his constitutional rights were violated by Mr. Wilson, plaintiff has not alleged which particular constitutional right was violated.

Second, and fatal to plaintiff's Section 1983 claim, plaintiff has not—and it appears cannot—allege that Mr. Wilson acted under color of state law, i.e., that Mr. Wilson was a "state actor."  Plaintiff alleges that Mr. Wilson is or was an attorney in private practice, and that plaintiff retained Mr. Wilson and the David A. Wilson Law Office in connection with the defense of criminal charges filed against plaintiff.   Generally, an attorney in private practice does not act under color of state law for the purpose a Section 1983 claim, even if that attorney was appointed by a court to represent a party.  See, e.g., Simmons v. Sacramento County Superior

5

1   Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that under settled law "Plaintiff cannot sue

2   Mirante's counsel under § 1983, because he is a lawyer in private practice who was not acting

3   under color of state law"); accord Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) ("We

4   have repeatedly held that a privately-retained attorney does not act under color of state law for

5   purposes of actions brought under the Civil Rights Act."); cf., Polk County v. Dodson, 454 U.S.

6   312, 325 (1981) (holding that a public defender does not act under color of state law when

7   performing traditional functions as counsel in a criminal proceeding); Miranda v. Clark County,

8   Nev., 319 F.3d 465, 468 (9th Cir. 2003) (same); Kirtley v. Rainey, 326 F.3d 1088, 1092-96 (9th

9   Cir. 2003) (holding that a private attorney appointed by the state to represent a minor in court

10  proceedings as guardian ad litem does not act under color of state law for the purpose of a

11  Section 1983 claim).  Nothing in plaintiff's complaint suggests that Mr. Wilson or the David A.

12  Wilson Law Office was acting under color of state law.  Accordingly, plaintiff cannot satisfy

13  Section 1983's requirement that the person alleged to have violated the plaintiff's constitutional

14  rights be a "state actor."

15          The undersigned could very well recommend that plaintiff's Section 1983 claim

16  be dismissed with prejudice.  However, out of an abundance of caution, the undersigned

17  dismisses plaintiff's Section 1983 claim with leave to amend.  Plaintiff is given a final

18  opportunity to allege facts that meet the pleading requirement of a Section 1983 claim.

19          C.      Supplemental Jurisdiction Over Plaintiff's Professional Negligence Claim

20          Plaintiff's remaining claim is his claim of professional negligence alleged under

21  California law.  The undersigned need not address plaintiff's professional negligence claim at

22  this point in the screening process because the undersigned intends to recommend that the court

23  decline the exercise of supplemental jurisdiction over the state law negligence claim if plaintiff is

24  unable to successfully plead a federal claim that provides this court with subject matter

25  jurisdiction.

26          In regards to supplemental jurisdiction, 28 U.S.C. § 1367(a) provides, in relevant

part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

The Ninth Circuit Court of Appeals has stated that "[d]istrict courts have discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact." Hoeck v. City of Portland, 57 F.3d 781, 785 (9th Cir. 1995). The Supreme Court has made clear that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997) (citations and quotation marks omitted); accord Voda v. Cordis Corp., 476 F.3d 887, 893, 897-98 (Fed. Cir. 2007); Groce v. Eli Lilly & Co., 193 F.3d 496, 500-01 (7th Cir. 1999). Some valid reasons are expressly contained in 28 U.S.C. § 1367(c), which provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Supreme Court has further "indicated that district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Int'l College of Surgeons, 522 U.S. at 172-73 (citation and quotation marks omitted, modification in original).

As stated above, the undersigned dismissed plaintiff's claim brought pursuant to

7

1   42 U.S.C. § 1983, which is the federal claim that provides this federal court with original

2   jurisdiction.  See 28 U.S.C. § 1331.  If plaintiff is unable to successfully amend his complaint to

3   allege a facially plausible federal claim, the undersigned will recommend that the court not

4   exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

5   III.   CONCLUSION

6           For the foregoing reasons, IT IS HEREBY ORDERED that:

7           1.      Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

8           2.      Plaintiff's complaint is dismissed without prejudice.  Plaintiff is granted

9   30 days from the date of this order to file an amended complaint that is complete in itself.  The

10  amended complaint must bear the docket number assigned to this case and must be entitled "First

11  Amended Complaint."  Plaintiff must file an original and one copy of the First Amended

12  Complaint.  Failure to timely file an amended complaint in accordance with this order will result

13  in a recommendation that this action be dismissed.[3]  Additionally, plaintiff is informed that the

14

15      [3] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel
    or of a party to comply with these Rules or with any order of the Court may be grounds for
16  imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent
    power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:
17
            Any individual representing himself or herself without an attorney is bound
18          by the Federal Rules of Civil or Criminal Procedure, these Rules, and all
            other applicable law.  All obligations placed on "counsel" by these Rules
19          apply to individuals appearing in propria persona.  Failure to comply
            therewith may be ground for dismissal . . . or any other sanction appropriate
20          under these Rules.

21  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same
    rules of procedure that govern other litigants.").  Case law is in accord that a district court may
22  impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of
    Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with
23  the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers
    v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a
24  suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683,
    689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil
25  Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil
    procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam)
26  ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v.

8

court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

        3.   If plaintiff files an amended complaint, he will be ordered to pay the $350 filing fee in accordance with 28 U.S.C. § 1915(b).

        IT IS SO ORDERED.

DATED:  September 29, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).