IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM LEE BURKE,

    Plaintiff,

v.

DAVID WILSON; DAVID A. LAWSON LAW OFFICE,

    Defendants.

No. 2:11-cv-02502 GEB KJN PS

FINDINGS AND RECOMMENDATIONS

    Plaintiff is proceeding without counsel and is currently incarcerated at the Shasta County Jail.[1]  In an order entered September 30, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis, screened plaintiff's complaint, dismissed the complaint without prejudice, and provided plaintiff with leave to file a first amended complaint.  (See Order, Sept. 30, 2011, Dkt. No. 3.)  On October 28, 2011, plaintiff timely filed a First Amended Complaint (Dkt. No. 4).  After screening plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 be dismissed without leave to amend, that the court decline to exercise supplemental jurisdiction over plaintiff's state law claim of professional negligence, and this case

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

be closed.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In assessing whether a plaintiff's complaint fails to state a claim on which relief may be granted, the court adheres to the "notice pleading" standards. Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is

"not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

As discussed in greater detail in the order entered September 30, 2011, plaintiff is suing his former criminal defense attorney on the basis of alleged "legal malpractice and civil rights violations" committed in connection with a criminal proceeding between June 2010 and November 2010. (First Am. Compl. at 5.) Plaintiff continues to allege that Mr. Wilson's alleged malpractice "cost [plaintiff] further time spent in incarceration which in turn has resulted in monetary and emotional damages to [plaintiff] and [plaintiff's] family."[2] (Id.) Plaintiff again alleges two claims for relief against Mr. Wilson and his law office: (1) a claim for a violation of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983; and (2) a claim for professional negligence or legal malpractice under California law. (See id. at 5-6.)

The undersigned previously dismissed plaintiff's section 1983 claim on grounds including that plaintiff had not alleged that Mr. Wilson or his law office acted under color of state law for the purpose of a claim brought pursuant to 42 U.S.C. § 1983 (see Order, Sept. 30, 2011, at 4-6).[3] See, e.g., Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state

---

[2] The undersigned again advises plaintiff that to the extent that plaintiff believes that he is entitled to release or a new trial on the basis of constitutionally ineffective assistance of counsel, he must seek such relief through a petition for a writ of habeas corpus (Order, Sept. 30, 2011, at 4 n.2). See 28 U.S.C. § 2254; see generally Harrington v. Richter, 131 S. Ct. 770 (2011).

[3] The undersigned also dismissed plaintiff's section 1983 claims on the ground that plaintiff had not alleged which of his constitutional rights had been violated. (Order, Sept. 30, 2011, at 5.) Plaintiff's First Amended Complaint baldly alleges violations of his rights secured by the First, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution. (First Am. Compl.

3

a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.") (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Plaintiff has not cured this deficiency in his First Amended Complaint.  Plaintiff alleges that Mr. Wilson, a lawyer in private practice, was a state actor because he was appointed to represent plaintiff as a "state appointed conflict attorney."  (See First Am. Compl. at 8.)  As the undersigned already explained in the September 30, 2011 order, mere appointment as counsel is insufficient to satisfy the "state actor" requirement of 42 U.S.C. § 1983.  (See Order, Sept. 30, 2011, at 5-6.)  Plaintiff now also alleges in conclusory fashion that Mr. Wilson was part of a vast conspiracy, involving the entire criminal justice system (e.g., judges, district attorney's, public and private defense attorneys, court-appointed attorneys, etc.), to unlawfully prosecute and convict him of a crime.  (See First Am. Compl. at 7-8.)  Such conclusory allegations of a conspiracy do not satisfactorily allege a section 1983 claim.  See, e.g., Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal of plaintiff's second amended complaint as a result of plaintiff's "conclusory allegations" of a conspiracy to deprive him of his constitutional rights in violation of Section 1983).  Because plaintiff failed to cure a fatal deficiency in his section 1983 claim, and nothing in plaintiff's First Amended Complaint suggests that plaintiff can cure this deficiency if given leave to amend, the undersigned recommends that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 be dismissed without leave to amend.[4]

Plaintiff's remaining claim is his claim of professional negligence or legal

---

at 5.)

[4] Plaintiff's First Amended Complaint also appears to seek relief relative to the conditions of his confinement.  Specifically, plaintiff alleges that his access to the jail's law library has been unconstitutionally restricted.  (See First Am. Compl. at 7-8.)  The presently named defendants are not proper defendants in regards to such a claim.  To the extent that plaintiff wishes to pursue a claim premised on his restricted access to the jail's law library, he should file a separate action that names the proper defendant or defendants for such a claim.

4

malpractice alleged under California law. The undersigned recommends that the court not exercise supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(c)(3). If plaintiff wishes to pursue this claim, he should pursue that claim in an appropriate California Superior Court.

III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 be dismissed without leave to amend.

2.    The court decline to exercise supplemental jurisdiction over plaintiff's state law professional negligence claim. See 28 U.S.C. § 1367(c)(3).

3.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: November 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE